GIBSON and Others *v.* WILCOXEN.

GIBSON
v.
WILCOXEN.

Where a lease of land is for a term within the statute of frauds, and for that reason required to be in writing, and the lessee executes notes to the lessor for the rents, and takes possession of and occupies the premises leased during the term, the question whether the contract could have been enforced if either party had refused to perform it before the expiration of the term, is not involved, and the lessee is liable to pay the notes.

APPEAL from the *Delaware* Circuit Court.

*Saturday, June 8.*

HANNA, J.—*Wilcoxen,* as assignee of *Chipman,* sued *Gibson, Gibson,* and *Brown,* on three promissory notes. *Brown* answered, averring that he was surety only. In other respects, his answer and that of his co-defendants were similar, in substance, viz., 1. Want of consideration generally. 2. Want of consideration, because said notes were given for a parol leasing of land for four years. 3. Want of consideration, because the notes were given on a leasing of land for four years from *September* 1, 1855; that the payee had not the right to, and did not, put them in possession at that time, nor for six months afterward. 4. Denial. The defendant *Brown* added another paragraph to his answer, viz., want of consideration, because the notes were given for the rent of land leased by parol for four years, and for the performance of which said defendants, *Brown* as surety, executed a certain agreement in writing, a copy of which is filed, but that *Chipman* did not execute any writing, &c. There was a demurrer sustained to this last named paragraph of *Brown's* answer.

The plaintiff replied: 1. Denial. 2. In reply to the first and second paragraphs of the answer, that the consideration of the notes was the leasing and renting of a farm, particularly describing it, rented for four years from *September* 1, 1855, to said *Gibsons;* that on that day they took possession of all of it except a ten acre corn field and a log cabin, which were taken possession of on *October* 1, 1855, and held it all for and until the full end of the term, and accepted the same as a compliance with the stipulations upon the part of said *Chipman;* that said leasing by said *Chipman* was by a written agreement drawn up by said *Chipman,* and signed by said *Gibsons*

and *Brown*, a copy of which is set out. The agreement is not under seal, is not subscribed at the close thereof by *Chipman*, and in describing the land states that "the aforesaid *Chipman* has rented his farm to, &c.

Reply to the third paragraph of the answer, that *Gibson* and *Gibson* took possession by virtue of said lease, and as a compliance therewith by said *Chipman*, and held, &c., as set forth in the second paragraph. Separate demurrers of the parties to these replies were overruled. Trial; general verdict; and judgment for the plaintiff.

Upon the trial, the plaintiff was permitted to give the written agreement in evidence, and by the verbal evidence of *Chipman* show to what land it applied. Upon the rulings on demurrers, and upon the admission of this testimony, the only questions that are fairly presented in the record are raised. It is insisted that the lease was void, under the statute of frauds, because it was not subscribed by *Chipman*, and did not sufficiently describe the premises leased, and that this omission can not be supplied or aided by oral evidence. To this it is answered in argument, that the lease was subscribed by *Chipman*, as it is averred and proved that he wrote it, and his name several times occurs in the instrument as above quoted; and further, that if not properly subscribed by *Chipman* it is binding on the other party without his signature for the full term, or at least for a part thereof.

It is not necessary to enter into an elaborate investigation of the several points thus attempted to be raised in this case, for the reason that it appears the *Gibsons* entered into the possession of, and occupied said land during the term for which the notes were given to secure the rent. The contract, although for a term falling within the statute of frauds, was thus fully executed upon the part of the lessor, and the consideration for the execution of the notes has not in any manner failed. The lessees were to hold for four years; and the question is not whether the contract could have been enforced if either party had refused to perform it before the expiration of that time, and consequently we need intimate no opinion about the rights of either party in such a contingency. The

lessor delivered possession, and kept the lessee in during the full time. The lessee occupied the lands and received the profits of his contract, and can not now be permitted to inquire as to whether in a given contingency the contract would have been binding upon either party.

May Term, 1861.

*Per Curiam.*—The judgment is affirmed, with 3 per cent, damages and costs.

*T. J. Sample*, *C. B. Smith* and *W. J. Smith*, for the appellants.

*W. March* and *W. Brotherton*, for the appellee.